QUIRK v. ROCHESTER RY. & LIGHT CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

Appeal from Special Term, Monroe County.

Action by Anna Quirk, as administratrix, against the Rochester Railway & Light Company. From an order of the Supreme Court, setting aside the verdict in favor of the plaintiff and granting a new trial, the plaintiff appeals. Order affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Eugene Raines, of Rochester, for appellant.
George D. Reed, of Rochester, for respondent.

PER CURIAM. Order affirmed, with costs.

KRUSE, P. J. (dissenting). The question involved here, as I view this case, is not merely the broad question whether cast iron was a suitable material for boiler mud drums, or whether mud drums made of cast iron were in general use at the time this boiler was made and

put in commission, but whether this particular boiler, after it had been used eight years, under the conditions and pressure disclosed by the evidence, was reasonably safe for use at a boiler pressure of over 170 pounds, as was usual and as was put upon it at the time of the explosion, and whether the defendant was negligent in continuing its use as it did up to the time of the explosion, in the light of the experience and knowledge which the defendant had or should have had, in the exercise of reasonable care and caution.

The mere fact that cast-iron mud drums were in general use, and that some had been used longer and subjected to greater strain than the one in question, is not a controlling circumstance to show that the defendant was not negligent, and, in the absence of the circumstances and conditions respecting the use and care of the boilers, is entitled to little weight, in view of the fact that boiler inspectors of large experience, who had inspected thousands of boilers, knew of but a few isolated instances where cast-iron mud drums were subjected to a greater pressure than 160 pounds. Nor is it a sufficient answer for the defendant to say that no leaks or defects were discovered or discoverable by ordinary inspection. It is well known that cast iron is brittle, and that it deteriorates in strength with use; and it is evident that the cast iron in this mud drum had reached that stage of deterioration and weakness when it was no longer able to withstand the pressure that had been put upon it when new, since it exploded while operated under normal conditions and at no unusual pressure.

A proper regard for human life required the defendant to be actively vigilant to see that the boiler was not subjected to a greater pressure than it could bear, and even to discard its use altogether if danger could reasonably be apprehended therefrom. It would seem that the hydrostatic test would have disclosed the weakness of the boiler. Such a test would probably have ruptured the boiler, but it would have saved a human life.

I think the learned trial judge was right in submitting the case to the jury, and that the evidence sustains their verdict. I therefore vote to reverse the order and to reinstate the verdict.